IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| GORDON FRANKLIN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action |
| ) | No. 05-3423-CV-S-DW |
| JOSEPH E. GUNJA,[1] Warden, ) | |
| United States Medical Center for ) | |
| Federal Prisoners, et al., ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE**

Plaintiff, an inmate confined in the United States Medical Center for Federal Prisoners, has attempted to file a Bivens action pursuant to 28 U.S.C. § 1331 in which he alleges that his constitutional rights have been violated and seeks compensatory damages. The complaint has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b).

Plaintiff alleges that his constitutional rights have been violated because he was required to participate in a risk assessment panel review to determine if he is eligible for conditional release and there was not a timely risk assessment report; the Medical Center has been unable to locate a suitable state placement for him in his domicile; and there has been deliberate indifference to his serious medical needs by waiting 45 days to obtain an x-ray of his leg injury. He seeks "99,999 trillion dollar yearly" based on his illegal commitment, and states that he is not required to exhaust administrative remedies. His allegations are against unidentified federal employees, whom he asserts conspired to inflict bodily harm upon him by keeping him confined at the Medical Center,

---

[1] The name of Joseph E. Gunja, the current warden at the Medical Center, has been substituted for that of Robert McFadden, the former warden at that institution.

1

by not preparing an annual report in a timely manner, by failing to find suitable state placement for him, and by not providing inadequate medical care after he sustained an injury.

After a Show Cause Order was entered, a response was filed. Thereafter, the Assistant Federal Public Defender appointed to represent plaintiff in the above-styled action filed a motion to withdraw as counsel because the complaint strictly seeks money damages against respondents. Having reviewed the complaint, the Court finds that the motion to withdraw is well-taken and should be granted.

A review of the file and records in the case indicates that plaintiff has suffered from a long history of mental illness, and has been lawfully committed to the custody of the Attorney General for mental health care and treatment pursuant to 18 U.S.C. § 4246. His continuing commitment is regularly reviewed by mental health professionals at the Medical Center, and there is no indication that the annual reports have not been provided in a timely fashion. Plaintiff has received several conditional releases from inpatient hospitalization, and has failed to comply with the terms of the conditional releases on more than one occasion. His failure to abide by the conditional release terms has caused his release to be revoked. Regarding state placement, the record indicates that efforts to obtain state placement have been ongoing, but that Florida state officials have consistently been unwilling to accept plaintiff as a patient in a state mental health facility. His last conditional release revocation stemmed from the fact that his family could no longer provide a home for him and because he made threats to kill two probation officers and a federal judge. Plaintiff has appealed the decision to revoke his conditional release, and the revocation was upheld by the Eighth Circuit Court of Appeals. United States v. Franklin, 435 F.3d 885 (2006). Should plaintiff again desire to challenge the basis for his hospitalization and continued mental health treatment, he has the

statutory remedies of 28 U.S.C. § 2241 and 18 U.S.C. § 4247(g) available to him.

It is unclear whether petitioner is suing defendants in an individual or official capacity. Should his cause of action be against federal employees in their official capacity, as one involving constitutional torts, these claims must be dismissed because they are barred by sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 477 (1994).

To the extent the complaint is construed to involve common law torts against individual federal employees, petitioner must exhaust administrative remedies under the Federal Tort Claims Act ["FTCA"], 28 U.S.C. § 2675(a). He does not allege that he has filed administrative claims regarding any of the allegations he has made, and there is nothing to indicate that he has done so in this case. Accordingly, the complaint should be dismissed for failure to exhaust administrative remedies.

Additionally, regarding his claim of inadequate medical care, he has failed to identify any specifics regarding an alleged injury, how or when it occurred, and what medical care was required. Accordingly, it is clear that he has failed to provide any factual allegations sufficient to state a claim of deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Because plaintiff has failed to state a constitutional violation, and because he has not otherwise exhausted available administrative remedies, it must be recommended that the complaint for damages be dismissed without prejudice.[1]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that the complaint be dismissed without prejudice. It is further

---

[1] Plaintiff is advised that he may file written exceptions within 10 days of receipt of this order. Those exceptions will be part of the record reviewed de novo by the United States District Judge.

ORDERED that the Assistant Federal Public Defender's motion to withdraw be, and it is hereby, granted.

        /s/ James C. England
        JAMES C. ENGLAND, Chief
        United States Magistrate
        Judge

Date: August 29, 2006